IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03464-PAB-NRN

JEFFREY T. MAEHR,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.
_____

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Report and Recommendation on Defendant's Motion for Summary Judgment [Dkt. #51] and Motion for Declaratory Judgment by Mr. Maehr [Dkt. #58] [Docket No. 64].

Defendant moved for summary judgment on January 8, 2021, Docket No. 51, and supplemented its motion on February 9, 2021. Docket No. 52. Plaintiff responded to the motion and supplement on February 10, 2021, Docket Nos. 55, 57, and moved for default judgment the same day. Docket No. 58. Defendant replied in support of its summary judgment motion and responded to plaintiff's default judgment motion on March 5, 2021. Docket No. 60. Plaintiff filed a reply on March 29, 2021. Docket No. 62.

The Recommendation was served on May 24, 2021 and stated that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff's objections were due by June 7, 2021.

Plaintiff filed objections on June 4, 2021. Docket No. 66. The Court, however, struck plaintiff's objections for failure to comply with D.C.COLO.LCivR 10.1(e) and Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.A. Docket No. 67. The Court permitted plaintiff to file complying objections by June 14, 2021. *Id.* Plaintiff has not done so.[1]

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Accordingly, it is

---

[1] Although plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with diligence, and *pro se* status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** as follows:

1. The Report and Recommendation on Defendant's Motion for Summary Judgment [Dkt. #51] and Motion for Declaratory Judgment by Mr. Maehr [Dkt. #58] [Docket No. 64] is **ACCEPTED**;

2. The Internal Revenue Service's Motion for Summary Judgment [Docket No. 51] is **GRANTED**;

3. Plaintiff's Motion for Declaratory Judgment [Docket No. 58] is **DENIED**;

4. Plaintiff Jeffrey T. Maehr's Freedom of Information Act claim asserted against the Internal Revenue Service is **DISMISSED with prejudice**.

5. This matter is closed.

DATED June 25, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge